# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM D. FANNIN,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0071** (BOR Appeal No. 2049609)
                            (Claim No. 2013012413)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William D. Fannin, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 23, 2014, in which the Board affirmed a July 3, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 12, 2013, decision granting Mr. Fannin a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fannin, a heavy equipment operator, was injured on November 5, 2012, when he tripped and fell. The claim was held compensable for lumbar sprain and contusion of the knee and lower leg. Mr. Fannin has a history of left knee problems. From October of 1997 to January of 1998, he was treated by Michael Goodwin, M.D, for left knee pain. X-rays showed early medial compartment arthritis. On November 26, 1997, Mr. Fannin underwent a left knee arthroscopy. The post-operative diagnoses were medial meniscus tear, medial compartment arthritis, and complete anterior cruciate ligament (ACL) tear. Mr. Fannin also has a history of

1

lumbar spine problems. An MRI taken in 2002 showed bilateral spondylolysis at L5 with grade 1 spondylolisthesis of L5 on S1 and a central disc extrusion at L4-5 causing mild deformation of the anterior aspect of the thecal sac. In 2003, Mr. Fannin filed a workers' compensation claim for a lumbar spine injury. The claim was held compensable, and he was eventually granted an 8% permanent partial disability award.

On January 17, 2013, Marsha Bailey, M.D., performed an independent medical evaluation in the instant claim in which she diagnosed chronic lower back pain and recommended an MRI and x-rays. She also found that Mr. Fannin had moderate tri-compartment degenerative joint disease and osteoarthritis which were unrelated to the compensable injury. She opined that his assertion that he had no left knee pain prior to the compensable injury was somewhat unbelievable. Mr. Fannin had not yet reached maximum medical improvement. On February 25, 2013, Dr. Bailey stated in a letter that she reviewed additional records, including an MRI and x-ray, and re-examined Mr. Fannin. She opined that he was at maximum medical improvement and required no further treatment. She stated that it was her strong opinion that his ongoing left knee complaints are solely the result of his non-work-related degenerative joint disease. She also found that he sustained a simple lumbar sprain/strain and that his ongoing lower back complaints are the result of pre-existing conditions. She assessed 14% left knee impairment but apportioned all of it to pre-existing, non-compensable degenerative joint disease and osteoarthritis. For the lumbar spine she assessed 5% impairment, placed Mr. Fannin in Lumbar Category I of West Virginia Code of State Rules § 85-50-C (2006), and adjusted the rating to 0%. Based on her evaluation, the claims administrator granted Mr. Fannin a 0% permanent partial disability award on March 12, 2013.

On August 13, 2013, Bruce Guberman, M.D., performed an independent medical evaluation in which he noted prior injuries to the lower back in 2002 and to the left knee in 1997. Dr. Guberman diagnosed acute and chronic lumbosacral strain and chronic post-traumatic left knee strain. For the lumbar spine he assessed 9% whole person impairment based on the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). This was adjusted to 8% to fit within West Virginia Code of State Rules § 85-20-C. For the left knee he assessed 8% impairment; however, he determined that imaging studies showed pre-existing degenerative changes. He therefore apportioned 4% impairment to pre-existing conditions. Jerry Scott, M.D., disagreed with Dr. Guberman's findings in his March 10, 2014, independent medical evaluation. Dr. Scott diagnosed lumbar strain, left knee contusion, pre-existing lumbar disc disease and spondylolisthesis, and pre-existing tri-compartmental osteoarthritis in the left knee. He stated that Mr. Fannin had reached maximum medical improvement for the compensable injury and his current complaints are the result of pre-existing degenerative conditions. He assessed 0% left knee impairment and 0% lumbar spine impairment.

The Office of Judges affirmed the claims administrator's decision in its July 3, 2014, Order. It stated that Drs. Bailey and Scott both found 0% impairment for the compensable diagnoses of lumbar sprain and left knee contusion. Dr. Guberman found 8% impairment for the lumbar spine and 4% impairment for the left knee. The Office of Judges found that Dr. Guberman's rating was the highest of record for the lumbar spine. Mr. Fannin was previously granted an 8% award for the lumbar spine, and the Office of Judges therefore held that he has

been fully compensated for the injury. In regard to Mr. Fannin's left knee, Dr. Bailey found 14% impairment for range of motion loss and 2% for atrophy; however, she apportioned all of the impairment to his pre-existing tri-compartmental osteoarthritis and degenerative joint disease. Dr. Scott also recommended 0% impairment when he found that any impairment Mr. Fannin may have under the American Medical Association's *Guides* was secondary to his pre-existing conditions. Dr. Guberman, on the other hand, found 8% impairment for the left knee and apportioned 4% to the compensable injury. The Office of Judges concluded that the preponderance of the evidence supports Dr. Bailey's opinion. The Office of Judges noted that the claim is compensable only for a simple left knee contusion and lumbar sprain. It also found that the record establishes a long history of left knee problems prior to the compensable injury. Specifically, Mr. Fannin underwent surgery in 1997 for a medial meniscus tear and medial compartment arthritis. He also sought treatment in 2009 and 2012 from Dr. Short for his left knee. In fact, he was treated by Dr. Short less than six months prior to the compensable injury for swelling, redness, and warmth in the left knee. Given this evidence, the Office of Judges found that Dr. Bailey's opinion was the most reliable of record. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 23, 2014.

On appeal, Mr. Fannin argues that Dr. Guberman's independent medical evaluation is the most reliable of record because the other physicians incorrectly apportioned all of his left knee injury to pre-existing conditions. He asserts that this deprived him of compensation for his compensable injury and that his pre-existing conditions do not bar him from benefits. Huntington Alloys Corporation argues that Mr. Fannin has a significant history of degenerative left knee and lumbar spine conditions. It asserts that Dr. Guberman was the only physician of record to find permanent impairment due to the compensable injury and that his finding of 4% impairment due to the compensable injury is not supported by the evidentiary record.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record establishes that Mr. Fannin has long suffered from left knee degenerative joint disease and osteoarthritis. He underwent left knee surgery in 1997 and has had periodic treatment since that time. The compensable left knee injury in this case was a simple contusion. The evidence also shows that Mr. Fannin had prior lumbar spine problems and that he has been fully compensated by a prior 8% permanent partial disability award. The Office of Judges and Board of Review were within their discretion in relying on Dr. Bailey's opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 4, 2015**

3

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum